# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH STAFFORD**<br>3785 Perry Highway<br>Hadley, PA 16130<br><br>                    Plaintiff<br><br>              v.<br><br>**TROOPER JOSEPH B. MORRIS**<br>individually as<br>trooper for the State Police<br>826 Franklin Road<br>Mercer, PA 16137<br><br>and<br><br>**TROOPER DANIEL HARRIS**<br>individually as<br>trooper for the State Police<br>826 Franklin Road<br>Mercer, PA 16137<br><br>and<br><br>**TROOPER JOSEPH YURAN**<br>individually as<br>trooper for the State Police<br>826 Franklin Road<br>Mercer, PA 16137<br><br>and<br><br>**TROOPER RONALD FLAGLEY**<br>individually as<br>trooper for the State Police<br>826 Franklin Road<br>Mercer, PA 16137<br><br>and<br><br>**CORPORAL DANIEL SINDLINGER**<br>individually as | NO.  17-00749<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| corporal for the State Police | : |
| 826 Franklin Road | : |
| Mercer, PA 16137 | : |
| | : |
| and | : |
| | : |
| **JOHN DOES 1-10** | : |
| | : |
| Defendants | : |

# FIRST AMENDED CIVIL ACTION COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the arrest which is the subject of this action is occurred within this district.

## PARTIES

3. Plaintiff, Kenneth Stafford is an adult individual, currently residing at the above captioned address.

4. Defendant, Trooper Joseph B. Morris ("Trooper Morris") is an adult individual who, at all times material herein, acted individually, as an agent, servant, workman, or employee of, Pennsylvania State Police Mercer acting under color of State law.

5. Defendant, Trooper Daniel Harris ("Trooper Harris") is an adult individual who, at all times material herein, acted individually, as an agent, servant, workman, or employee of, Pennsylvania State Police Mercer acting under color of State law.

6. Defendant, Trooper Joseph Yuran ("Trooper Yuran") is an adult individual who, at all times material herein, acted individually, as an agent, servant, workman, or employee of, Pennsylvania State Police Mercer acting under color of State law.

7. Defendant, Trooper Ronald Flagley ("Trooper Flagley") is an adult individual who, at all times material herein, acted individually, as an agent, servant, workman, or employee of, Pennsylvania State Police Mercer acting under color of State law.

8. Defendant, Corporal Daniel Sindlinger ("Corporal Sindlinger") is an adult individual who, at all times material herein, acted individually, as an agent, servant, workman, or employee of, Pennsylvania State Police Mercer acting under color of State law.

9. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

**OPERATIVE FACTS**

**CHILD LURING INCIDENTS**

10. On or about February 24, 2015, Trooper Daniel Harris responded to this incident of an attempted child luring of two children in the area.

11. The children told Trooper Harris the incident took place while they were walking to the

bus stop.

12. The children stated that a man driving a dark green pickup truck asked them if they wanted a ride, one of the children reported that the same man, driving the same truck approached him a few weeks earlier.

13. The children described him as a white male in his 50's with a thin build, short brown hair, and a "mostly gray full bushy beard," wearing a brown baseball hat and he was wearing "transition" style glasses.

14. On or about April 6, 2015, Trooper Joseph Yuran, responded to a reported attempt to lure child in the area that had occurred the previous day, April 5, 2015.

15. The child told Trooper Yuran and an old white man in a white truck stopped him and asked him if wanted any candy. The child responded "No" and walked to his house.

16. The child described the man as old, wearing a brown baseball cap, glasses and having a 4-inch-long salt and pepper beard.

17. On or about April 13, 2015 Corporal Daniel Sindlinger, responded to an attempted child luring incident in the area.

18. The child stated that a white man in a white truck stopped in front of her house asking for help trying to find his dog.

19. The child responded "No" and ran back to her house.

20. The child described the man as male in his 40's-50's with salt and pepper hair and a bushy goatee.

21. On or about April 14, 2015 Trooper Joseph Morris, was assigned to handle the criminal investigation regarding the attempted child luring's.

22. Trooper Morris released information regarding these incidents to various press/news

outlets, including descriptions of the man and the truck the man was driving.

### KENNETH STAFFORD'S ABSENCE AND ARREST

23. On or about April 15, 2015, Plaintiff Doreen Stafford reported her husband Plaintiff Kenneth Stafford as missing to Defendant, Pennsylvania State Police of Mercer.

24. Prior to the leaving, Plaintiffs had a series of arguments leading Plaintiff Kenneth Stafford to leave his home.

25. Before leaving Plaintiff Kenneth Stafford wrote a letter apologizing to his family for everything that had occurred, he stated he was not well and needed to leave.

26. Defendant, Trooper Fagley, responded to the missing person action filed by Plaintiff Doreen Stafford.

27. Upon examining the home and Plaintiff Kenneth Stafford's personal possessions Trooper Fagley determined Plaintiff Kenneth Stafford "closely matched" the description of the man accused of attempting to lure children in the area.

28. Despite his belief, Trooper Fagley did not advise the family of his determination.

29. Over the next several days Trooper Morris developed a photo lineup of potential suspects that included the Plaintiff Kenneth Stafford to show the children.

30. The photo lineup used by the Trooper Morris had only individuals that looked similar to Plaintiff Kenneth Stafford and did not meet the description of the men described by the children.

31. Over the next several days Plaintiff Kenneth Stafford family was able to contact him and determined he was in Terre Haute, Indiana.

32. Plaintiff Kenneth Stafford's wife Doreen Stafford traveled to Terre Haute, Indiana to locate her husband and bring him home.

33. On April 20, 2015, while driving through Ohio, Plaintiffs were stopped by Ohio State Police and Plaintiff Kenneth Stafford was arrested for the attempted child luring's.

34. While in custody in Ohio, Plaintiff Kenneth Stafford was asked about the child luring incidents.

35. Plaintiff Kenneth Stafford denied any involvement, but stated that he had heard about the incidents and had advised his son via text message about the incidents because his son had small children that he felt needed to be protected.

36. Furthermore, Plaintiff Kenneth Stafford told investigators he could account for his whereabouts on the days in question.

37. On or about April 20, 2015 Trooper Morris applied for and received a warrant to seize Plaintiff Kenneth Stafford's computer.

38. The Plaintiffs were not home and Plaintiff Kenneth Stafford's son Bradley Stafford met the police at his parents' home and opened the door.

39. Corporal Sindlinger assisted with the search that commenced.

40. During this time, Bradley advised the police that his parents had a video surveillance system and it showed Plaintiff Kenneth Stafford was at home during the attempted luring's.

41. The police refused to watch the video and advised Bradley that they "had the right guy."

42. A search of the Plaintiff Kenneth Stafford's, computer found no evidence that he was attempting to search or save any documents pertaining to locations or directions or mapping or child luring.

43. Plaintiff Kenneth Stafford was transferred back to Pennsylvania on or about April 29, 2015.

44. On May 4, 2015, a preliminary hearing was held and Plaintiff Kenneth Stafford was formally arraigned.

45. On or about May 23, 2015 Plaintiff was released on bond and placed on house arrest.

46. Plaintiff Kenneth Stafford was required to wear an ankle bracelet and a monitoring system was set up in Plaintiff's home.

47. Plaintiff, Kenneth Stafford, is self-employed and was unable to earn any income while on house arrest.

48. In or around June 2015 Plaintiff Kenneth Stafford was granted permission to leave his home on a limited basis on work release. Plaintiff Kenneth Stafford was allowed to leave his home between the hours of 8am-4pm.

49. On or about July 20, 2015, Trooper Morris requested phone records from Verizon Wireless, specifically requesting the results be applied to a mapping application to determine Plaintiff Kenneth Stafford's location on the day in questions.

50. The mapping result showed that Plaintiff Kenneth Stafford was not near of the areas near the attempted luring's on the days in question.

51. Plaintiff Kenneth Stafford could provide alibis for the days in question and presented them to his attorney.

52. For example, Plaintiff Kenneth Stafford was at a doctor's appointment during one of the incidents, for another incident Plaintiff Kenneth Stafford was seen on his home security system at home all day.

53. Plaintiff Kenneth Stafford's attorney forwarded all of his evidence showing he was not the man in question and did not meet any of the children's descriptions.

54. Despite the mounting evidence showing Plaintiff Kenneth Stafford was innocent the

Prosecution did not drop the charges.

55. Over the course of several months numerous orders were entered by the court requiring the District Attorney to release various evidentiary documents to Plaintiff Kenneth Stafford's attorney.

56. On or about April 2016, Plaintiff Kenneth Stafford's attorney petitioned the Court to remove his house arrest.

57. On or about July 18, 2016, Plaintiff Kenneth Stafford's trial began.

58. In a suggestive and rehearsed scenario the children testified about each incident, all four children contradicted their original stories or recanted their statements.

59. None of the children identified Plaintiff Kenneth Stafford as the man who attempted to lure them.

60. On July 21, 2016, Plaintiff Kenneth Stafford was found not guilty on all counts.

61. Plaintiff Kenneth Stafford's career and livelihood has been severally impacted.

62. Plaintiffs suffered emotional distress and significant financial harm.

63. At no time was there any evidence (probable cause/reasonable suspicion) connecting Plaintiffs to the charges of Child Luring.

## COUNT I
## MALICIOUS PROSECUTION/ FALSE ARREST/ FALSE IMPRISONMENT

64. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

65. At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff Kenneth Stafford had not committed any infraction to legally justify the incarceration and charges.

66. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff Kenneth Stafford's clearly established and well-settled Constitutional and other legal rights.

67. Defendants' caused Plaintiff Kenneth Stafford to suffer a malicious prosecution by their wrongful conduct in subjecting him to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

68. Defendants instituted criminal action against Plaintiff, Kenneth Stafford, by way of failing to properly investigate the conduct giving rise to their arrest.

69. Plaintiff Kenneth Stafford was seized from the time he was arrested through the time he was imprisoned.

70. Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff Kenneth Stafford of the criminal acts.

71. The criminal action terminated in Plaintiff Kenneth Stafford favor – Plaintiff Kenneth Stafford was found not guilty of all charges.

72. As described above, at all times material the trooper Defendants were on notice of exculpatory evidence but ignored, arrested, and pursued charges against Plaintiff without any probable cause.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a.   Statutory damages;

  b. Punitive damages;

  c. Compensatory damages, including;

      i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress; and,

  d. Attorney's fee, costs and equitable relief.

                            **WEISBERG LAW**

                            /s/ David A. Berlin
                            David A. Berlin, Esq.
                            Matthew B. Weisberg, Esq.
                            Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH STAFFORD<br>3785 Perry Highway<br>Hadley, PA 16130 | :<br>:<br>:<br>: | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 17-00749 |
| | : | |
| MERCER COUNTY<br>112 Mercer County Courthouse<br>Mercer, PA 16137 | :<br>:<br>: | |
| | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

I, David Berlin, Esquire, hereby certify that on this 6th day of September, 2017, a true and correct copy of the foregoing First Amended Civil Action Complaint was served via ECF upon the following parties:

Michael E. Kennedy, Esq.
Office of Attorney General
Civil Litigation
564 Forbes Avenue
6th floor, Manor Building
Pittsburgh, PA 15219

Patrick M. Carey, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
717 State Street
Suite 701
Erie, PA 16501

**WEISBERG LAW**

 */s/ David Berlin*
David Berlin, Esquire
*Attorney for Plaintiff*