IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH STAFFORD,

           Plaintiff,

    v.

MERCER COUNTY, ET AL.,

           Defendants.

Civil Action No. 17-749-MJH

JUDGE MARILYN HORAN

# DEFENDANTS REPLY BRIEF TO THE PLAINTIFF'S RESPONSE TO THE SUMMARY JUDGMENT MOTION (ecf 57)

And now comes the Defendants, by and through undersigned counsel, who files the within Reply Brief in Support of their Motion for Summary Judgment, and in support thereof set forth as follows:

Defendants had filed for summary judgment making 4 arguments. First, they argued that there was probable cause for the charges that were filed. Second, they argued that they did not act maliciously or with a purpose apart from bringing Plaintiff to justice. Third, they argued that the decision to further pursue the prosecution was made by the District Attorney, not the Troopers. Fourth, and finally, that they are entitled to qualified immunity. As a footnote to their arguments, Defendants pointed out that only Trooper Morris prepared and presented the criminal complaint, so all of the other Defendants should be entitled to Summary Judgment.

Plaintiff has responded, arguing, first, that summary judgment for Defendant Morris is inappropriate, as Morris had recklessly made misleading statements and omitted critical facts in

the affidavit of probable cause. Second, Plaintiff argues that a "reconstructed affidavit, correcting errors made by Morris and including multiple other items of information from reports that had not been in the affidavit would essentially lead to a determination that there was not probable cause. Third, Plaintiff argued that Morris did act maliciously, and finally Plaintiff argues against qualified immunity. Plaintiff concedes claims against Defendants Daniel Harris, Joseph Yuran, Ron Fagley and Dan Sindlinger should be "withdrawn"[1] Further, Plaintiff makes no response to the argument that the District Attorney, not the Troopers, was responsible for the further prosecution. To that end, any damages claimed after the matter was held for Court should not be recoverable against these Defendants.

ERRORS/OMMISSIONS IN THE AFFIDAVIT OF PROBABLE CAUSE

Plaintiff has pointed out a number of errors where the facts presented in the affidavit of probable cause do not match some of the facts as listed in individual police reports. Those facts generally surround some of the described physical characteristics of the suspect and the color of the pickup truck. While it is conceded that the affidavit does have some minor differences from the descriptions provided in the reports, those are insignificant. They are particularly insignificant when viewed against the backdrop of all of the similarities noted by all off the victims, the district attorneys decision to pursue prosecution well after obtaining all information, and the positive identification of one of the child victims. As argued in their opening brief, Defendants point to the continued prosecution of the case, despite all of these inconsistencies

---

[1] These Defendants were required to obtain counsel, respond to written discovery, sit for deposition and file for summary judgment. Only after all of those steps were taken did the Plaintiff concede the lack of a claim against any one of them. They request judgment in their favor and against the plaintiff.

noted by Plaintiff and the Court of Common Pleas of Mercer County sending the case to an empaneled jury as support of the existence of probable cause.

A close look at the information available to Morris at the time shows his pursuit of charges against Plaintiff was appropriate. Importantly victim Three, provided his initial description;

"the suspect was an "older" thin man, probably in his late 50's and was wearing a brown ball cap. Suspect had salt & pepper hair and had a beard. The length of the beard was described as approximately 3 to 5 inches in length around the chin, but much shorter in length on the sides and closer to the ears. Victim indicated that the beard sort of came to a point in front, rather than a full beard around the face. The suspect wore eye glasses. The vehicle could only be described as a full size white pickup truck without a cap. No further details could be determined." (Trooper Yuran report, Ex B to Plaintiffs response)

The report of victim Three's response to the presentation of the photo array is as follows:

"I met with Jeremy Robert and his son, XXX at their residence. Robert provided me with verbal consent to show XXX the photographic lineup. I sat with XXX at the kitchen table inside the residence. I explained to XXX that I had some pictures that I would like him to lack at regarding this investigation. XXX indicated that he understood this. I presented the lineup to XXX and instructed him to take his time. After carefully reviewing the photographs for approximately 15 seconds, the juvenile immediately pointed to K. STAFFORD'S picture and said "that's him" I asked him how he knew this person in the photograph. He stated "that's the guy in the truck that I told the police about" I told the juvenile if he was one hundred percent positive to circle the picture. He did and signed his name below it."(Morris report, Ex E to Plaintiffs response, page 7)

Morris' reliance on this identification was clearly appropriate, particularly given the other corroborating evidence. ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker."); *Grimm v. Churchill,* 932 F.2d 674, 675 (7th Cir.1991) ("When an officer has received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is

telling the truth, he has probable cause." (Internal quotations omitted)).*Sharrar v. Felsing,* 128 F.3d 810, 818–19 (3d Cir. 1997)

Any reconstructed affidavit would also include this identification, as well as the Third victims' earlier report. It would also the fact that Trooper Morris was able to obtain a google earth photo indicating that there was a white pickup truck at the Stafford residence. It would also include the information of Stafford leaving town under unusual circumstances around the time the child luring reports were broadcast. It would also include the geographical closeness between the Stafford residence and the luring incidents. Setting aside any portions of the affidavit that plaintiff takes issue with, this information alone is more than sufficient to support a probable cause determination, at least as to charges relating to Victim Three. Importantly, for purposes of a summary judgment motion, if the Court determines that there was probable cause only for the offenses against Victim Three, then the charges and arrest that followed are based on the existence of probable cause. Probable cause need only exist as to any offense that could be charged under the circumstances. *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) citing *Edwards v. City of Philadelphia,* 860 F.2d at 575–76.

Even accepting the issues raised by the Plaintiff,[2] there is no reasonable argument that the charges as related to Victim 3 were not based upon probable cause.

## WHETHER MORRIS ACTED WITH MALICE

---

[2] Plaintiff, following the Third Circuit directive in *Dempsey v Bucknell*, 834 F.3d 457 (3d Cir. 2016), has recreated a three page affidavit with all of the information he would assert as exculpatory. Such a recreation cannot ignore the positive identification of Victim Three, and includes far more information than customarily required. Information that there are some discrepancy in physical appearances is more inconsistent than exculpatory. An officer need only include facts he reasonably believes a magistrate would want to review.

Plaintiff argues that malice, on the part of Morris may be inferred, based on a lack of probable cause.  As previously asserted, Morris had probable cause, at least to the child luring charge for which he had a positive identification, with nor reason to doubt its veracity. Notwithstanding, Plaintiff argues that Morris acted with a reckless disregard for the truth, and thus with malice. Plaintiff has suggested no motive for Morris to act in such a fashion.  Plaintiff cited cases, including *Collins v Jones*, 2:13-CV-07613-DS, 2015 WL790055, (E.D. Pa. Feb 24, 2015) for the assertion that malice may be inferred.  However, a review of *Collins* reveals a scenario where police knowingly pursued baseless charges as a means of applying leverage to aid other investigations.  Morris took no such steps.  Morris had all of the information previously reviewed to support his reasonable belief in the pursuit of the charges.  Making mistakes as to some of the descriptive terms does not mean that he was  reckless, as must be established to infer malice.  An assertion is made with reckless disregard when "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) citing *U.S. v. Clapp*, 46 F.3d 795, 801 n. 6 (8th Cir. 1995.)  Under the totality of the circumstances, it is obvious that there was no malice on the part of Morris.

QUALIFIED IMMUNITY

Plaintiff asserts that Morris is not entitled to qualified immunity.  Certainly it is conceded that an officer would have been on notice in 2014 that it is a violation of an individual's rights to pursue charges against him without probable cause.  The inquiry, however must be more pointed, geared to the specific actions taken by the officer.  Defendants reassert their argument from their

opening brief, that there was no clearly defined case putting Morris on notice that his actions, in pursuing an arrest, based at least in part on a positive victim identification, was violative of rights, even assuming mistakes/omissions in other aspects of the affidavit.

**WHEREFORE Defendants request summary judgment on all of Plaintiffs' claims.**

|  |  |
|---|---|
|  | JOSH SHAPIRO<br>Attorney General |
|  | /s/ *Michael E. Kennedy*<br>MICHAEL E. KENNEDY<br>Senior Deputy Attorney General<br>PA ID 52780 |
| OFFICE OF ATTORNEY GENERAL<br>1251 Waterfront Place<br>Mezzanine Level<br>Pittsburgh, PA 15222 | KELI M. NEARY<br>Chief Deputy Attorney General<br>Civil Litigation Section |